1  Amanda F. Benedict, Ca. Bar No. 200291
   LAW OFFICE OF AMANDA F. BENEDICT
2  7710 Hazard Center Dr., Ste E-104
   San Diego, CA 92108
3  Telephone:  (760) 822-1911
   Facsimile:  (760) 452-7560
4  amanda@amandabenedict.com

5  Avi R. Kaufman* Fl. Bar No. 84382
   KAUFMAN P.A.
6  400 NW 26th Street
   Miami, FL 33127
7  Telephone: (305) 469-5881
   kaufman@kaufmanpa.com
8

9           IN THE UNITED STATES DISTRICT COURT
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | **JOSEPH FORD JR.,** individually, and on behalf of all others similarly situated, | Case no.  2:19-cv-01565 |
12 | | |
   | *Plaintiff*, | **CLASS ACTION COMPLAINT** |
13 | | |
   | *v.* | **DEMAND FOR JURY TRIAL** |
14 | | |
   | **HEALTHY HALO INSURANCE SERVICES, INC.,** a California corporation, | |
15 | | |
16 | *Defendant.* | |

17              **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

18          Plaintiff Joseph Ford Jr. ("Ford" or "Plaintiff") brings this Class Action Complaint and

19 Demand for Jury Trial against Defendant Healthy Halo Insurance Services, Inc. ("Healthy Halo" or

20 "Defendant") to stop Healthy Halo from violating the Telephone Consumer Protection Act by

21 placing unsolicited, prerecorded solicitation calls and sending unsolicited, autodialed text messages

22 to consumers, including to consumers whose phone numbers are registered on the national Do Not

23 Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured

24 by Healthy Halo's conduct. Plaintiff, for his Complaint, alleges as follows upon personal

25

- 1 -
CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Healthy Halo sells health insurance plans to consumers.[1]

2. Healthy Halo operates using a number of different assumed names such as BuyHealthInsurance.com, ACA Alternative Plans, Healthy Boomers, and more.[2]

3. In order to sell health insurance plans to consumers, Healthy Halo engages in unsolicited telemarketing.

4. Part of Healthy Halo's telemarketing plan includes making prerecorded solicitation phones calls and sending solicitation text messages to consumers that have no relationship with Healthy Halo and that have never consented to being contacted by it.

5. In Plaintiff's case, Healthy Halo placed at least 3 prerecorded solicitation calls to his cellular phone and sent 3 autodialed solicitation text messages to his cellular phone, despite the fact that Plaintiff has his cellular phone number registered on the DNC.

6. In response to these prerecorded solicitation calls and text message solicitations, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease from placing unsolicited prerecorded calls and sending unsolicited, autodialed text messages to consumers, including to consumers who have registered their phone numbers on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

7. Plaintiff Ford is an Edwardsville, Pennsylvania resident.

---

[1] https://www.healthyhalo.com/company/
[2] https://www.linkedin.com/in/brentheurter/

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

8. Defendant Healthy Halo is a California corporation headquartered in Los Angeles, California. Defendant conducts business throughout this District, the State of California, and throughout the United States.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in California and headquartered in this District, and because the wrongful conduct giving rise to this case emanated and/or was directed from this District.

## COMMON ALLEGATIONS

**Healthy Halo Markets its Services by Placing Prerecorded Calls and Sending Autodialed Text Messages to Consumers' Cellular Phone Numbers Without Consent**

11. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing prerecorded calls and sending autodialed text messages to cellular telephone numbers such as Plaintiff's.

13. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential

number generator.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

14.     Unsurprisingly, there are numerous complaints posted online regarding unsolicited phone calls and unsolicited text messages consumers have received from Healthy Halo:

- "they send me text after text with an alarming crisis and call the number."[3]
- "voice mail and [text] messages saying i must call now that my health insurance is ending at midnight"[4]
- "Text after text about medical insurance being canceled. Replied 'stop' and claims I will not receive cal fire alert messages now. Scare tactics that don't work on me."[5]
- Regarding prerecorded calls, a consumer wrote, "Non working number when called back"[6]
- "I did not answer. Got a partial voicemail with the words 'do not call list' on it. Blocked."[7]
- "On the partial voice mail I received it says to press 2. They do not say where or reason they are calling. I did not answer as I do not answer calls of numbers I do not recognize."[8]
- "Called my DNC registered landline. Sam healthcare Open Enrollment insurance scam as yesterday from (469) 449-0001."[9]
- "Keeps saying urgency in my health insurance coverage.."[10]

---

[3] https://800notes.com/Phone.aspx/1-844-360-0420
[4] Id.
[5] Id.
[6] https://800notes.com/Phone.aspx/1-469-449-0039
[7] Id.
[8] Id.
[9] Id.
[10] https://whocallsme.com/Phone-Number.aspx/8443600420

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

- "Yes, they keep texting with message to text stop if I do not want anymore text from them .."[11]

- "**HURRY! Last Hours to Enroll in NY Health Insurance for 2018. You Must Call (844) 360-0420 Before 12 AM. Get Covered Fast! Reply STOP to opt out' I tried saying STOP and stuff but it didn't work. Help I'm not old enough for this stuff."[12]

- "I get robo calls from them all day and they hang up on me when I ask them to remove me :( 6+ calls a day from different area codes and states…"[13]

- "It's SPAM. Opting out doesn't help, they keep calling. I am turning all 3 numbers over to FCC/FTC enforcement. We have not done business, You are in violation of the DNC. Stop spamming my voicemail!!!!"[14]

## PLAINTIFF'S ALLEGATIONS

**Healthy Halo Placed Unsolicited Prerecorded Calls and Sent Unsolicited Autodialed Text Messages to Plaintiff's Cell Phone Number, Despite Plaintiff's Number Being on the DNC**

15. On July 27, 2006 Plaintiff registered his cellular phone number on the DNC in order to avoid receiving unsolicited phone calls and text messages from telemarketers. Plaintiff's cell phone number is not associated with a business and is for personal use.

16. On December 5, 2018 at 9:55 AM, Plaintiff received a prerecorded call to his cellular phone from Defendant using phone number 469-449-0039. The recording stated, in part:

> "…insurance policies have become more affordable nationwide. You can now get a great insurance policy at the price you can afford. We have plans from every A+ healthcare provider. Press '1' to speak to a live agent or press '2' to be placed on our do not call list."

---

[11] https://findwhocallsyou.com/8443600420?CallerInfo
[12] http://shortcodes.org/uncategorized/67076-short-code/
[13] https://www.facebook.com/pg/Healthy-Halo-224755721242713/reviews/?ref=page_internal
[14] https://www.yelp.com/biz/healthy-halo-insurance-services-burbank

17. On December 11, 2018 at 10:46 AM, Plaintiff received an unsolicited, autodialed text message from Defendant using short code 67076 on his cellular phone that specifically referenced prior contact attempts. The text message stated:

> "WE'VE BEEN TRYING TO REACH YOU! OPEN ENROLLMENT DEADLINE THIS WEEK! Call now 844-360-0420. Health Marketplace Phone Lines Jammed! Reply STOP to opt-out"

18. On December 15, 2018 at 7:06 PM, Plaintiff received a second unsolicited, autodialed text message from Defendant using short code 67076 on his cellular phone. The text message stated:

> "LAST CHANCE! HEALTH INSURANCE OPEN ENROLLMENT ENDS TONIGHT AT MIDNIGHT! Call ASAP 844-360-0420. PRIORITY CODE: A-75 for instant help. Reply STOP to opt-out"

19. On December 19, 2018 at 9:42 AM, Plaintiff received a second prerecorded call from Defendant using phone number 614-259-0036. The recording stated, in part:

> "…so you and your family can get a great insurance plan at the price you can afford, and we make it hassle free to sign-up. We have pre-approvals ready in your area. Press '1' to get a hassle-free assessment or press '2' to be place on our do not call list."

20. On December 20, 2018 at 11:58 AM, Plaintiff received a third prerecorded call from Defendant using phone number 830-667-0003. The recording stated, in part:

> "…laws in place still allow you to get an affordable health insurance plan from an A rated insurer at a price that you and your family can afford. Press '1' now to speak to a licensed insurance agent or press '2' to be added to the do not call list."

21. On December 27, 2018 at 6:38 PM, Plaintiff received a call from Defendant using phone number 877-572-4849. 877-572-4849 is a phone number that Defendant owns and uses to solicit business from consumers. When calling 877-572-4849, an automated greeting identifies the company as being Buy Health Insurance, which is an alias of Healthy Halo.

22. On December 30, 2018 at 2:42 PM, Plaintiff received a third autodialed text message from Defendant, also sent from short code 67076. Again, this text message referenced the fact that Defendant was repeatedly, trying to contact Plaintiff. The text message states:

> "We have been trying to reach you. Please call us back at (844) 360-0420 before 5 PM EST today regarding your 2019 health insurance. Reply STOP to opt-out."

23. Defendant owns and uses 844-360-0420 to solicit business from consumers.

24. For example, the first text message Plaintiff received mentions Health Marketplace. On the website healthmarketplace.net, 844-360-0420 is listed as the contact phone number:


[15]

25. On the website healthmarketplace.net, Defendant clearly states that the "website is owned and maintained by Healthy Halo Insurance Services Inc., which is solely responsible for its content."[16]

26. As of October 2, 2018, healthmarketplace.net was registered online by Healthy Halo:

---

[15] https://www.healthmarketplace.net/renew.html
[16] https://healthmarketplace.net/

```
Registrant Organization: Healthy Halo
Registrant State/Province: California
Registrant Country: US
Registrant Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=HEALTHMARKETPLACE.NET
Admin Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=HEALTHMARKETPLACE.NET
Tech Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=HEALTHMARKETPLACE.NET
```

27. When calling 844-360-0420, an automated greeting thanks the caller for reaching "Buy Health Insurance, your destination for quality, affordable healthcare." In addition, when speaking with a live agent, the agent will identify the company as being Buy Health Insurance with a website address of buyhealthinsurance.com.

28. In the privacy policy for buyhealthinsurance.com, Healthy Halo is specifically identified as the operator of the website:



[17]

29. BuyHealthInsurance.com is also registered to Healthy Halo online:

---

[17] https://www.buyhealthinsurance.com/privacy-policy/

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

```
Registrant Organization: Healthy Halo
Registrant State/Province: California
Registrant Country: US
Registrant Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=buyhealthinsurance.com
Admin Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=buyhealthinsurance.com
Tech Email: Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=buyhealthinsurance.com
Name Server: AJAY.NS.CLOUDFLARE.COM
Name Server: ROSE.NS.CLOUDFLARE.COM
DNSSEC: unsigned
```
[18]

30. The text messages were sent from short code 67076. Short code 67076 is owned by CallFire:

**Opt-in using "CALLFIRE"**
Customers who wish to subscribe to receiving SMS text messages should text message "CALLFIRE" to 67076 or any CallFire shortcode.

**Get help using "HELP"**
Customers who wish to subscribe to get info on how to unsubscribe can SMS the word "HELP" to 67076 or any CallFire shortcode.

**Opt-out using "STOP"**
Customers who wish to unsubscribe from further SMS text messaging should respond "STOP" to 67076 or any CallFire shortcode.

[19]

31. CallFire allows Health Halo to send out text messages in bulk through the use of an autodialer platform:

---

[18] https://domainbigdata.com/buyhealthinsurance.com
[19] https://www.callfire.com/legal/sms-terms

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

[CallFire Text Messaging promotional image: "CallFire provides the most powerful and versatile SMS text messaging platform on the market. Whether you want to send out promotions, discounts, updates or notifications - text marketing lets you reach thousands instantly."] [20]

32. Plaintiff does not have a relationship with Healthy Halo or any of its affiliated companies, nor has he ever requested that Healthy Halo place any phone calls, or text him, or consent to any contact from Defendant.

33. Simply put, Healthy Halo did not obtain Plaintiff's prior express written consent to place prerecorded phone calls and send autodialed solicitation text messages to him on his cell phone number registered with the DNC.

34. The unauthorized prerecorded phone calls and text messages sent by Healthy Halo, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Ford's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, Ford, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded phone calls and unsolicited text messages sent to cellular telephones, as well as unsolicited phone calls and unsolicited text messages sent to phone numbers registered with the DNC.

---

[20] https://www.callfire.com/products/text-messaging

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Prerecorded Calls and Text Messages Sent by or on Behalf of Healthy Halo

36.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

>   **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

>   **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) on the person's cellular telephone, (3) using the same text messaging platform used to text message Plaintiff, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to text Plaintiff, or (b) it did not obtain prior express written consent.

>   **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an

agent acting on behalf of Defendant) called and/or texted more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called and/or texted Plaintiff (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call/text Plaintiff, or (b) it did not obtain prior express written consent.

37. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) Whether Defendant placed prerecorded solicitation calls to Plaintiff and the members of the Prerecorded No Consent Class;

CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

(b) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

(c) whether Defendant placed prerecorded calls and/or sent text messages to Plaintiff and members of the Do Not Call Registry Class despite the fact that Defendant was placing the prerecorded calls and sending the text messages to phone numbers protected by the DNC;

(d) whether Defendant placed prerecorded calls to Plaintiff and members of the Classes without first obtaining prior express written consent;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

41.  **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct

toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

43. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

44. These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

45. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

46. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

47. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

48. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

49. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

50. Plaintiff repeats and realleges the paragraphs 1 through 41 of this Complaint and incorporates them by reference.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[21]

53. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, more than one telephone solicitation in a 12-month period to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

56. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Do Not Call Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ford, individually and on behalf of the Classes, prays for the following relief:

---

[21] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

- 16 -
CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes, and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling and texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**JOSEPH FORD JR.**, individually and on behalf of all others similarly situated

Dated: March 4, 2019

By: /s/ *Amanda Benedict*
Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*
*\*Pro Hac Vice motion forthcoming*